**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BENNU TITAN LLC | ) | Case No. 17-30497 (EMJ) |
| (f/k/a ATP TITAN LLC),[1] | ) | |
| | ) | |
| Debtor. | ) | |

## NOTICE OF BAR DATES FOR FILING CLAIMS

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTOR
SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS
NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE
HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

On August 11, 2016 (the "Petition Date"), certain creditors of Bennu Titan LLC (the "Debtor") filed an involuntary chapter 11 petition against the Debtor under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Delaware Court"). The Delaware Court entered an order for relief on September 9, 2016. On November 23, 2016, the Delaware Court appointed Gerald H. Schiff as the Chapter 11 Trustee for the Debtor's bankruptcy estate. On January 19, 2017, the Delaware Court enterer its *Order (A) Establishing Bar Dates for Filing Proofs of Claim and (B) Approving Form, Manner, and Sufficiency of Notice Thereof* entered on January 19, 2017 (the "Bar Date Order") (Docket No. 171).

On January 26, 2017, the Delaware Court entered an order transferring the venue of this case to the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Texas Court"). More information on the Debtor's bankruptcy case, the Texas Court's docket, and documents filed in the case are accessible at https://ecf.txsb.uscourts.gov/ through an account obtained from PACER Service Center.

The Bar Date Order established deadlines ("Bar Dates") for creditors, including governmental units, of the Debtor to file proofs of claim with original signatures, substantially conforming to the applicable proof of claim form attached hereto (the "General Claim Form"), so that such proofs of claim are actually received on or before the Bar Dates set forth below.

As used in the Bar Date Order and this Notice, the term "claim" means, in accordance with section 101(5) of the Bankruptcy Code, any: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy

---

[1] The last four digits of Bennu Titan LLC's federal taxpayer identification number are 5187.

for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

As used in the Bar Date Order and this Notice, the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and the term Governmental Unit has the meaning given to it in section 101(27) of the Bankruptcy Code.

## THE BAR DATES

The Bar Date Order established the following bar dates for filing proofs of claim in these cases (collectively, the "Bar Dates" and each individually, a "Bar Date"):

(a) **General Bar Date**.  Pursuant to the Bar Date Order, except as described herein, each person or entity, including governmental units, holding or asserting a claim against the Debtor that arose prior the Petition Date must file a proof of claim, substantially in the form of the General Claim Form, so that it is actually received by the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Texas Court") on or before **March 15, 2017 at 4:00 p.m.** (prevailing Central Time).  The General Bar Date applies to all types of claims against the Debtor that arose (or are deemed to have arisen) prior to the Petition Date, whether secured, priority (including claims entitled to priority under sections 503(b)(9), 507(a)(4), or 507(a)(5) of the Bankruptcy Code), or unsecured nonpriority claims.

(b) **503(b)(9) Bar Date**.  Pursuant to the Bar Date Order, except as described herein, each person or entity, including governmental units, holding or asserting a claim against the Debtor pursuant to section 503(b)(9) of the Bankruptcy Code (a "503(b)(9) Claim") must file a proof of claim, substantially in the form of the General Claim Form (listing the 503(b)(9) Claim amount in Item No. 13 of the General Claim Form), so that it is actually received by the Texas Court on or before **March 15, 2017 at 4:00 p.m.** (prevailing Central Time).

(c) **The Amended Schedule Bar Date**.  Pursuant to the Bar Date Order, except where a claim has been included in the Schedules as disputed, contingent, or unliquidated, the deadline for filing a proof of claim resulting from any amendment or supplement to the Schedules (the "Amended Schedule Bar Date") shall be the later of (i) the General Bar Date and (ii) 4:00 p.m. (prevailing Central Time) on the date that is thirty (30) calendar days after service of a notice on an affected claimant of an amendment or supplement to the Schedules that (a) reduces the undisputed, noncontingent, and liquidated amount of such claimant's claim or (b) changes the nature or characterization of such claimant's claim, including amending the Schedules to indicate that such affected claim is disputed, contingent, or unliquidated, but, in any event, such proof of claim shall be filed substantially in the form of the General Claim Form.

(d)     **The Rejection Bar Date**.  Pursuant to the Bar Date Order, except as described herein, any person or entity holding or asserting a claim against either of the Debtor solely for damages relating to the Chapter 11 Trustee's rejection of an executory contract or unexpired lease must file a proof of claim, substantially in the form of the General Claim Form, by the later of (i) the General Bar Date, and (ii) 4:00 p.m. (prevailing Central Time) on the date that is thirty (30) calendar days after entry of an order authorizing the rejection of an executory contract or unexpired lease in accordance with section 365 of the Bankruptcy Code as the bar date (the "Rejection Bar Date"). ("Rejection Damage Claims") *provided, however*, that the General Bar Date shall be the deadline for counterparties to executory contracts and unexpired leases to file a proof of claim for claims that are not Rejection Damage Claims.

## FILING PREPETITION CLAIMS

## 1.  WHO MUST FILE

Except where one of the exceptions in Section 4 below applies, you MUST file a proof of claim if you have a claim that arose or is deemed to have arisen prior to the Petition Date. Claims based on acts or omissions of the Debtor that occurred before the Petition Date must be filed on or prior to the General Bar Date even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Except where one of the exceptions in Section 4 below applies, the following persons and entities **must file** proofs of claim on or before the General Bar Date or the Governmental Unit Bar Date, as applicable:

(a)     any person or entity (i) whose prepetition claim against a Debtor is not listed in the Schedules or is listed as either disputed, contingent, or unliquidated and (ii) that desires to share in any distribution in any of the Chapter 11 Cases; and

(b)     any person or entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount or against an incorrect Debtor and that desires to have its claim allowed in a classification or amount or against a Debtor different from the classification, amount, or Debtor identified in the Schedules.

## 2.  WHAT TO FILE

The Chapter 11 Trustee is enclosing the General Claim Form for use in this bankruptcy case, or you may use another proof of claim form that conforms substantially to Official Bankruptcy Form No. 410.

All proof of claim forms must be *signed* by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  The proof of claim form must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim form any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

3

Under the Bar Date Order, the filing of a General Claim Form is deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code. All other administrative claims under section 503(b) of the Bankruptcy Code must be asserted by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and will not be deemed proper if made by proof of claim.

## 3.  WHEN AND WHERE TO FILE

Persons and entities must file each General Claim Form so they are received *on or before the applicable Bar Dates* at the following address:

> **United States Bankruptcy Court for the Southern District of Texas**
> **Houston Division**
> **Attn: Clerk of Court**
> **515 Rusk Avenue**
> **Houston, Texas 77002**

Proofs of claim will be deemed timely filed if *actually received* by the Texas Court on or before the applicable Bar Date associated with such claim. The Texas Court will not accept proofs of claim sent via facsimile, telecopy, e-mail, or other electronic transmission, and such claims will not be deemed to be properly filed claims.

Proofs of claim will be collected, docketed, and maintained by Texas Court. If you want to receive acknowledgement of the Texas Court's receipt of a proof of claim, you must also submit to the Texas Court by the applicable Bar Date and concurrently with submitting the original proof of claim (i) a copy of the original proof of claim and (ii) a self-addressed, postage prepaid return envelope.

## 4.  ENTITIES NOT REQUIRED TO FILE A CLAIM

The Bar Date Order further provides that the following persons and entities, whose claims otherwise would be subject to a Bar Date, are **not required** to file claims in the Chapter 11 Cases:

(a)     any person or entity that has already properly filed a proof of claim against the Debtor with the Delaware Court or the Texas Court in a form substantially similar to the General Claim Form;

(b)     any person or entity (i) whose claim is listed in the Debtor's schedules of assets and liabilities, list of equity holders, and statements of financial affairs or any amendments or supplements thereto (collectively, the "Schedules"), and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules;

(c)     any holder of a claim that has been paid in full in accordance with the Bankruptcy Code or an order of the Delaware Court or the Texas Court;

4

(d)     any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code, which must be filed by the applicable Bar Date); and

(e)     any person or entity whose claim against the Debtor has been allowed by an order of the Delaware Court or the Texas Court entered on or before the applicable Bar Date, and

(f)     CLMG Corp., as administrative agent and as collateral agent (in its capacity as either the "Prepetition Agent" or the "Postpetition Agent") and Beal Bank USA (as either the "Prepetition Lender" or the "Postpetition Lender).

## 5.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

As described above, any person or entity that has a claim arising out of the rejection of an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code must file a proof of claim for damages caused by such rejection by the Rejection Bar Date.

### <u>NO REQUIREMENT TO FILE PROOFS OF INTEREST</u>

Any person or entity holding any interest in the Debtor (an "<u>Interest Holder</u>") that is based solely upon the ownership of a membership interest in the Debtor (an "<u>Interest</u>") need not file a proof of claim or proof of interest on or before the General Bar Date on account of such Interest; *provided, however,* that Interest Holders that wish to assert *claims* against the Debtor that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of an Interest, must file proofs of claim on or before the General Bar Date unless one of the exceptions enumerated in this Order applies.

### <u>CONSEQUENCES OF FAILURE TO FILE A CLAIM</u>

*Any Person or Entity that is required to file a timely proof of claim in the form and manner specified in the Bar Date Order and who fails to do so on or before the applicable Bar Date, shall not be treated as a creditor with respect to such claim for purposes of voting and distribution.*

### <u>RESERVATION OF RIGHTS</u>

The Chapter 11 Trustee retains the right to: (a) dispute, or assert offsets or defenses against, any filed proof of claim, or any claim listed or reflected in the Schedules, as to nature, amount, liability, classification, or otherwise; (b) subsequently designate any claim listed in the Schedules as disputed, contingent, or unliquidated (or any combination thereof); (c) otherwise amend or supplement the Schedules; and (d) object to any claim, whether listed in the Schedules or filed, on any grounds.

## ADDITIONAL INFORMATION

Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the Office of the Clerk of the Texas Court.  In addition, copies of the Schedules and Bar Date Order may be viewed and downloaded for a fee at the Texas Court's website (http://www.txs.uscourts.gov/) by following the directions for accessing the ECF system on such website.

Questions concerning the contents of this Bar Date Notice and requests for proof of claim forms should be directed to the Chapter 11 Trustee's undersigned counsel.  Please note that the Chapter 11 Trustee's counsel is not permitted to give you legal advice.  You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

**THIS NOTICE IS ONLY A SUMMARY OF THE BAR DATE ORDER. ALL CREDITORS AND OTHER PARTIES IN INTEREST ARE REFERRED TO THE TEXT OF THE BAR DATE ORDER ITSELF AND TO THE BANKRUPTCY CODE, FEDERAL BANKRUPTCY RULES, AND LOCAL BANKRUPTCY RULES FOR ADDITIONAL INFORMATION REGARDING THE FILING AND TREATMENT OF PROOFS OF CLAIM FORMS AND SHOULD CONSULT WITH THEIR OWN LEGAL ADVISORS.**

Dated:  February 1, 2017          **KELLY HART PITRE**

*/s/ Louis M. Phillips*
Louis M. Phillips
Patrick (Rick) M. Shelby
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Email: rick.shelby@kellyhart.com

*Counsel for Gerald H. Schiff, Chapter 11 Trustee*

| | |
|---|---|
| **United States Bankruptcy Court for the Southern District of Texas**<br>**Houston Division**<br>**Attn: Clerk of Court**<br>**515 Rusk Avenue**<br>**Houston, Texas 77002** | For Court Use Only |
| **Name of Debtor:  Bennu Titan LLC**<br>**Case Number:  17-30497 -DRJ** | |
| | For Court Use Only |

# General Claim Form

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed.  That date is August 11, 2016.

| Part 1: | Identify the Claim |
|---|---|

**1.    Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim):  _____

Other names the creditor used with the debtor:  _____

**2.    Has this claim been acquired from someone else?**   ☐ No ☐ Yes.  From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditors be sent?<br>(if different) | **4. Does this claim amend one already filed?** |
|---|---|---|
| _____<br>Name<br><br>_____<br>Number      Street<br><br>_____<br>City            State      Zip Code<br><br>Country (if International): _____<br><br>Contact phone: _____<br><br>Contact email: _____ | _____<br>Name<br><br>_____<br>Number      Street<br><br>_____<br>City            State      Zip Code<br><br>Country (if International): _____<br><br>Contact phone: _____<br><br>Contact email: _____ | ☐ No<br><br>☐ Yes.   Claim number on court<br>claims register (if known) _____<br><br>Filed on _____<br>              MM  / DD  / YYYY<br><br>**5. Do you know if anyone else has filed a proof of claim for this claim?**<br>☐ No<br>☐ Yes.  Who made the earlier filing?<br>_____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| **6. Do you have any number you use to identify the debtor?**<br><br>☐ No<br><br>☐ Yes.<br>Last 4 digits of the debtor's account or any number you use to identify the debtor:<br><br>___ ___ ___ ___ | **7. How much is the claim?**<br>$_____.<br><br>**Does this amount include interest or other charges?**<br>☐ No<br>☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). | **8. What is the basis of the claim?**<br><br>Examples:  Good sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information<br><br>_____ |

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe: _____
_____

Basis for perfection: _____
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition    $_____

Annual Interest Rate (when case was filed) _____%
                                      ☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. *Check all that apply:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 04/01/16 and every 3 years after that for cases begun on or after the date of adjustment.

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes.  Identify the property:

_____

A claim may be partly priority and party nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

**13. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

---

| **Part 3** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   _____   _____
                   MM / DD / YYYY        Signature

Print the name of the person who is completing and signing this claim:

Name   _____
       First name              Middle name           Last name

Title   _____

Company   _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _____
          Number          Street

          _____
          City                      State         Zip Code

Contact Phone _____   Email _____

## Instructions for General Claim Form

These instructions and definitions generally explain the law.  In certain circumstances, exceptions to these general rules may apply.  You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571

### How to fill out this form

- ■ **Fill in all of the information about the claim as of the date the case was filed.**

- ■ **Fill in the caption at the top of the form**

- ■ **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- ■ **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt.  In addition to the documents, a summary may be added.  Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- ■ **Do not attach original documents because attachments may be destroyed after scanning.**

- ■ **Leave out or redact confidential information both in the claim and in the attached documents.**

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

United States Bankruptcy Court for the
Southern District of Delaware, Houston Division
Attn: Clerk of Court
515 Rusk Avenue
Houston, Texas 77002

- ■ **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.**  See Bankruptcy Rule 9037.

- ■ **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.**  For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).*  See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form.

### Understand the terms used in this form

**Administrative expense:**  Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing that bankruptcy estate.  11 U.S.C.§ 503

**Claim:**  A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy.  11 U.S.C. §101 (5).  A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):**  A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business.  Attach documentation supporting such claim.

**Creditor:**  A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:**  A person, corporation, or other entity to who is in bankruptcy.  Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. §101 (13).

**Evidence of perfection:**  Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:**  A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth.  If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information.  You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:**  A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a).  These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid.  Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:**  A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing.  The form must be filed in the district where the case is pending.

**Redaction of information:**  Masking, editing out, or deleting certain information to protect privacy.  Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):**  A claim backed by a lien on particular property of the debtor.  A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid.  The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien.  Any amount owed to a creditor that is more than the value of the property normally may

be an unsecured claim.  But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car.  A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding.  In states, a court judgment may be a lien.

**Setoff:**  Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:**  An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:**  A claim that does not meet the requirements of a secured claim.  A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims.  These entities may contact creditors offering to purchase their claims.  Some written communications from these entities may easily be confused with official court documentation or communications from the debtor.  These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor.  A creditor has no obligation to sell its claim.  However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

| |
|---|
| **Do not file these instructions with your form** |